**Opinion issued December 17, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

NO. 01-18-00770-CR
NO. 01-18-00776-CR

_____

**MATTHEW BROCK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from 338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1506283 & 1506284[1]**

**MEMORANDUM OPINION**

---

[1]    Appellate cause number 01-18-00770-CR; trial court cause number 1506283.
       Appellate cause number 01-18-00776-CR; trial court cause number 1506284.

Appellant, Matthew Brock, pleaded guilty in the underlying trial court cause number 1506283 to the first-degree felony offense of aggravated robbery.[2] Appellant also pleaded guilty in the underlying trial court cause number 1506284 to the first-degree felony offense of aggravated kidnapping.[3] Both of these guilty pleas were entered without agreed punishment recommendations from the State, pending a presentence investigation ("PSI") hearing.

At the PSI hearing, the trial court found appellant guilty as charged and assessed his punishment at thirty years' confinement, with the sentences to run concurrently. These sentences are within the applicable sentencing range.[4] The trial court certified that these were not plea-bargained cases, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2)(A). Appellant timely filed a notice of appeal and appellate counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief in each case stating that the records present no reversible error and that, therefore, the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's briefs meet the *Anders* requirements by presenting

---

[2] *See* TEX. PENAL CODE § 29.03.

[3] *See* TEX. PENAL CODE § 20.04.

[4] *See* TEX. PENAL CODE § 12.32.

a professional evaluation of the records and supplying this Court with references to the records and legal authorities. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the records and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motions to withdraw and *Anders* briefs to appellant and informed him of his right to file a pro se response after getting access to the records. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, counsel has certified that he has sent the form motions for pro se access to the records to appellant for his response. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant has not filed any pro se response to his counsel's *Anders* briefs and his deadline has expired.

We have independently reviewed the entire records in both of these appeals, and we conclude that no reversible error exists in the records, that there are no arguable grounds for review, and that, therefore, the appeals are frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009)

(reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (reviewing court is not to address merits of each claim raised in *Anders* brief or pro se response after determining there are no arguable grounds for review); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgments of the trial court and grant counsel's motion to withdraw in each appeal.[5] *See* TEX. R. APP. P. 43.2(a). Attorney Nicholas Mensch must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Lloyd and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[5] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

4